`

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

STYLES MEDIA GROUP, LLC,

       Plaintiff,

vs.                                                   CASE NO. 5:06cv15-RS

BC MEDIA FUNDING COMPANY, LLC,

       Defendant.

_____/

## ORDER

     Before the court is Defendant's Motion to Quash Service of Process and Motion

to Dismiss for Lack of Personal Jurisdiction (Doc. 1-4).  Because plaintiff has failed to

show sufficient jurisdictional facts to establish long-arm jurisdiction under Fla. Stat.

§48.193 and sufficient minimum contacts with Florida to satisfy due process, this action

is dismissed for lack of personal jurisdiction.

## Facts

     On June 26, 2005, plaintiff and defendant executed a written "term sheet", which

after various requirements were met, could ultimately lead to an agreement for

defendant to provide financing for plaintiff's purchase of two radio stations in California.

There are no facts in the record to establish where the term sheet was executed by the

parties.  The term sheet identifies no acts which are to be performed in Florida.  The

term sheet and the other facts in the record do not identify where the contemplated

financing agreement would be executed and performed.  Pursuant to the requirements

of the term sheet, plaintiff alleges that it paid defendant a "failure fee" of $300,000.00

and an expense deposit of $50,000.00.  The financing agreement did not materialize. Plaintiff now contends that defendant has wrongfully refused to refund the $300,000.00 failure fee and the remaining balance of the expense deposit.

## Discussion

The plaintiff originally filed this suit in the Fourteenth Judicial Circuit in Bay County, Florida.[1] The plaintiff then removed the case to this Court on the basis of diversity. A federal court sitting in diversity may only exercise personal jurisdiction over a nonresident defendant to the extent allowed by the relevant state long arm statute. Since the Court has not held a discretionary evidentiary hearing on the Defendant's motion to dismiss due to lack of personal jurisdiction, the plaintiff must establish a prima facie case of personal jurisdiction over the nonresident defendant. Cable/Home Communication Corporation v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990).[2]

In order to establish personal jurisdiction over the defendant, the plaintiff shoulders the burden of satisfying Florida's long-arm statute (Fla. Stat. § 48.193 *et seq.*), and establishing sufficient minimum contacts to satisfy the Due Process clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Cable/Home Communication Corporation, 902 F.2d at 855 *citing* International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed 95 (1945) *quoting* Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct

---

[1] Case number 05-3408CA

[2]  The 11th Circuit has stated that a prima facie case is established when "the plaintiff presents sufficient evidence to defeat a motion for a directed verdict." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988).

339, 342, 85 L.Ed. 278 (1940)(citations omitted). Only if the plaintiff should satisfy the statutory requirements imposed by Fla. Stat. § 48.193 will it be necessary for the Court to even consider if the defendant has established the necessary minimum contacts to satisfy the more restrictive due process requirements of the Fourteenth Amendment.

Finally, the Court must accept the facts alleged in the complaint to be true unless they are controverted by the defendant. However, if the defendant does challenge the underlying jurisdictional allegations, then the plaintiff must affirmatively support the jurisdictional allegations made in the complaint. If the affidavits submitted by the plaintiff and defendant conflict, all reasonable inferences will be made in favor of the plaintiff. Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir.1988).

## Defendant's Contacts with Florida

The alleged contacts between the defendant and the state of Florida can be summarized as follows: Plaintiff has filed the affidavit of Tom DiBacco (Doc. 7-2) in which DiBacco alleges that he received six e-mails between February 23 and July 5, 2000, from defendant's principal, who was located in New York, and that he had "several" long distance telephone conversations with defendant's principal, although where those telephone conversations occurred is not specified.[3]  Plaintiff's attorney asserts in his Memorandum in Opposition to Defendant's Motion to Dismiss (memorandum) that two of defendants' representatives audited plaintiff's books for two days in Florida.  There is no competent evidence in the record to support this assertion. By the affidavits of defendant's principal, Jacob J. Barker (Docs. 1-4 and 4-3), defendant attempts to establish a litany of "negatives" — the absence of any activity or

_____

[3]However, Exhibit C to the Complaint (Doc. 1-3) shows a New York address for defendant's principal.

contract between defendant and Florida.  Barker's affidavit (Doc. 1-4) does contend that plaintiff's financial advisor in Rhode Island solicited the initial contact with defendant, and as a result, an initial meeting of representatives of plaintiff and defendant took place in California.

### Compliance with Florida Long Arm Statute

The plaintiff's response to the defendant's 12(b)(2) motion to dismiss is limited to addressing why it has satisfied the due process requirements imposed by the Fourteenth Amendment. The Court, however, must initially determine whether the plaintiff has complied with the requirements imposed by the Florida Long Arm statute before turning to the issue of whether the due process requirements of the Fourteenth Amendment have been met. The Court will interpret Florida's Long Arm Statute in a manner consistent with the Florida Supreme Court. Oriental Imports & Exports, Inc., v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 890-91 (11th Cir.1983).

Since the complaint does not allege that the defendant has an office or agency in Florida, the only relevant part of Fla. Stat. § 48.193 (1)(g)[4] for purposes of this case requires the plaintiff to show that the defendant breached a contract in Florida by failing to perform acts required by the contract to be performed in the state. The complaint states that the defendant did not perform acts required by the terms sheet and as such, the defendant had breached its legal obligations to the plaintiff. However, there is nothing in the complaint or the plaintiff's memorandum which indicates that any part of the term sheet was to be performed in the state of Florida.  Thus, it is clear to the Court

---

[4] Fla. Stat. 48.193 (2) also provides for general in personam jurisdiction if the defendant has "engaged in substantial and not isolated activity" within Florida. It is clear to the Court that the defendant's connection with the state of Florida does not reach this level.

that the defendant does not fall within the ambit of the Florida Long Arm Statute and as such, the plaintiff has not established a prima facie case of personal jurisdiction over the defendant. The plaintiff's memo also cites to Rayman v. Langdon Asset Management Inc., et al., 745 So.2d 426 (Fla. 3rd DCA 1999), apparently in support of its contention that the Court has personal jurisdiction over the defendant. However, Rayman simply stands for the proposition that venue is properly established in the county in which a creditor resides vis a vis a debtor if the parties do not have any prior agreement regarding the matter. However, despite venue being proper, the basic rules of civil procedure mandate that the Court's personal jurisdiction over the defendant is an inquiry distinct from the establishment of venue. As such, the Rayman case is irrelevant for purposes of resolving the issue of personal jurisdiction.

## Compliance with the Fourteenth Amendment

Even if the plaintiff could meet the requirements of the Florida Long Arm Statute, it must show that the defendant had the minimum contacts necessary to comply with the Fourteenth Amendment. In determining whether the defendant had minimum contacts with Florida, the Court's analysis must be focused on the relationship between the defendant, the forum, and the litigation. As the Supreme Court has stated, "The constitutional touchstone remains whether the defendant purposely established 'minimum contacts' in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Furthermore, the Supreme Court has stated that the central aspect of the due process analysis is whether the defendant's actions "with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297, 100

S.Ct. 559, 62 L.Ed.2d 490 (1980).[5]

In its memorandum, the plaintiff cites to the Supreme Court cases of Burger King and McGee v. International Life Insurance Company, 355 US. 220, 222-223, 78 S.Ct.199, 201, 2 L.ed.2d 223 (1957), in support of its contention that the Court should construe the term "contacts" widely, particularly in the context of commercial transactions. It is true that the Supreme Court has held that the physical presence of a defendant is not necessary to establish personal jurisdiction and that purposeful interstate communications are relevant evidence of contacts with the forum state. However, it is sufficiently clear to the Court that the factual circumstances in McGee and Burger King are easily distinguishable from the instant case. In the instant case, the defendant's contacts with Florida were merely tangential to the entire transaction. Ultimately, this business transaction was about the financing of two California radio stations by a non-Florida party (i.e. the defendant) for a Florida LLC (i.e. the plaintiff). The extremely limited exposure of the defendant to Florida would not have led it to believe that it had a reasonable likelihood of being "haled" into a Florida court, and as such, it  would be improper for this Court to exercise personal jurisdiction over this defendant.

Accordingly,

IT IS ORDERED

---

[5] The 11th Circuit summarizes the requirements necessary to establish minimum contacts in a three part test: 1) The defendant must purposefully avail himself of the forum state; 2) The contacts must "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state"; and 3) The contacts must be such that a defendant " 'should reasonably anticipate being haled into court there.' "  Future Technology Today, Inc., v. OSF Healthcare Systems, 218 F.3d 1247,1250-51 (11th Cir. 2000) citing Burger King, 471, U.S. at 474, 105 S.Ct. 2174 quoting World Wide Volkswagon v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

1. The defendant's Motion to Quash Service of Process and Motion to Dismiss

for Lack of Personal Jurisdiction is granted.

2. This action is dismissed without prejudice.


ORDERED on February 22, 2006.


**/S/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**